IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RANDAL PRUIT,

      Plaintiff,

v.                                                                                              No. 2:22-cv-0371 MIS/DLM

STATE OF NEW MEXICO,
RICHARD HOLLIS, and
ELIZABETH MCGREGOR,

      Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

In February 2009, Randal Pruit was arrested and charged with driving while intoxicated. New Mexico State Magistrate Judge Richard Hollis bound the case over for trial. Pruit asserts that Hollis lacked jurisdiction to enter the Bind-Over Order and that Hollis and magistrate court employee Elizabeth McGregor knowingly entered an unlawful order. Pruit filed suit in state court, asserting federal and state claims against Hollis, McGregor, and the State of New Mexico. Defendants removed the matter to this Court.

Defendants now move for judgment on the pleadings and seek dismissal of the lawsuit. (Doc. 20.) Pruit responds in opposition, moves for summary judgment, and asks to amend his complaint. (Doc. 27.) Having considered the parties' arguments and the relevant law, the Court recommends that Defendants' motion be GRANTED IN PART on the basis that Pruit's federal claims are barred by the statute of limitations. Alternatively, his federal claims are barred by Eleventh Amendment immunity, absolute immunity, and quasi-judicial immunity. The Court further recommends that Pruit's motion for summary judgment be DENIED AS MOOT and his motion to amend be DENIED AS FUTILE. Finally, the Court recommends that Pruit's state claims

be REMANDED to the state court.[1]

I.     **Background**

On March 16, 2022, Plaintiff Randal Pruit, proceeding pro se, filed a complaint in the First Judicial District Court against Defendants Richard Hollis and the State of New Mexico. (*See* Doc. 1-A at 1.) Pruit asserts federal claims pursuant to 42 U.S.C. § 1983 for violations of his rights under the Fourth and Eighth Amendments and state tort claims pursuant to the New Mexico Tort Claims Act (NMTCA), N.M. Stat. Ann. §§ 41-4-1–30. (*See id.* at 5.) Defendants removed the matter to this Court on May 12, 2022. (Doc. 1.) Pruit filed an Amended Complaint on August 8, 2022, to add Defendant Elizabeth McGregor and several state tort claims. (*See* Doc. 8.)

Pruit bases his claims on proceedings related to a criminal complaint filed against him on February 23, 2009. *See New Mexico v. Pruitt*, M-12-IR-200900005, (Clovis Magistrate Ct. N.M.). The state court docket reflects that the court held a video First Appearance on the same date—February 23, 2009. *Id.* The Waiver of Preliminary Hearing and Presentation of Grand Jury, which is incorrectly titled "Presentation to Grand Jury" on the state court docket, was filed more than two weeks later on March 12, 2009.[2] *Id.* (*See also* Doc. 27-1 at 3.)

Pruit asserts in his Amended Complaint that state law demanded the magistrate judge hold a preliminary examination within ten days of his First Appearance. (*See* Doc. 8 at 3.) He contends that the deadline passed, which required that he be released and the case against him be dismissed. (*See id.*) Pruit alleges, though, that Hollis ignored the deadline and instead directed McGregor to

---

[1] United States District Judge Margaret Strickland entered an Amended Order of Reference on March 21, 2023, referring this case to the undersigned Magistrate Judge "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." (Doc. 34.)

[2] The Waiver of Preliminary Hearing and Presentation of Grand Jury provides that Pruit was "informed of the criminal charges against [him] and of [his] right to have a preliminary hearing or presentation to a grand jury" and "freely and voluntarily waive[d his] right to a preliminary hearing and presentation to a grand jury." (*See* Doc. 27-1 at 3.)

enter a Bind-Over Order on March 12, 2009. (*Id.* at 4.) He further asserts that Hollis's conduct in "filing . . . the bind-over order under a heading stating that it had been sent to the Grand Jury amounts to fraudulent concealment" and that McGregor "was aware of the errors[] and purposely covered them up . . . ." (*Id.* at 4–5.)

Pruit brings two federal claims under 42 U.S.C. § 1983: Count 1: "False imprisonment" in violation of the Fourth Amendment; and Count 2: "Over detention/Illegal detention/False Imprisonment" in violation of the Eighth Amendment. (*Id.* at 5.) He brings nine state claims: Count 3: false imprisonment under the NMTCA; Count 4: false imprisonment tort claim; Count 5: fraud tort claim against McGregor; Counts 6–7: negligence tort claims against Hollis and McGregor; Counts 8–9: dereliction of duty tort claims against Hollis and McGregor; Counts 10–11: prima facie tort claims for violation of statute to dismiss case against Hollis and McGregor. (*Id.* at 6–7.) He asserts that the State is liable under a theory of respondeat superior. (*See id.* at 3.)

Defendants move for judgment on the pleadings. (Doc. 20.) Pruit opposes the motion and moves "in the alternative" for summary judgment.[3] (Doc. 27.) He also requests leave to file a second amended complaint. (*See id.* at 1.) Defendants oppose both the motion for summary judgment and the motion to amend. (*See* Docs. 29–30.)

**II.    Legal Standards**

Pruit's "pro se . . . pleadings are to be construed liberally and held to a less stringent

---

[3] Pruit includes supplemental facts in his response brief concerning several issues: *i.e.*, allegations regarding the March 12, 2009 Waiver of Preliminary Hearing, including whether the attorney who filed the waiver had authority to do so, whether the waiver was valid, and whether Hollis knew and ignored any error (*see* Doc. 27 at 2); and allegations regarding a "conspiracy" between Hollis and McGregor to violate Pruit's rights by filing a fraudulent order (*see id.* at 3). Pruit did not include these allegations in his Amended Complaint, and the Court need not consider them in deciding Defendants' motion for judgment on the pleadings. *See, e.g.*, *Pace v. Swerdlow*, 519 F.3d 1067, 1073 (10th Cir. 2008) ("[I]n determining whether to grant a motion to dismiss for failure to state a claim, we look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief.") (quotation marks and citation omitted); *Issa v. Comp USA*, 354 F.3d 1174, 1179 (10th Cir. 2003) (noting that a plaintiff "may not rely on the allegations in his reply brief to supplement his complaint").

3

standard than formal pleadings drafted by lawyers . . . ." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). The Court may not, however, "serv[e] as the litigant's attorney in constructing arguments and searching the record." *Id.* (citing *Hall*, 935 F.2d at 1110).

### A. Legal Standard for Motions for Judgment on the Pleadings

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." "A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000) (citation omitted). In reviewing a motion to dismiss under Rule 12(b)(6), the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *In re Gold Res. Corp. Sec. Litig.*, 776 F.3d 1103, 1108 (10th Cir. 2015) (citation omitted). To survive a motion to dismiss, the complaint does not need to contain "detailed factual allegations," but it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).

"[W]hile ordinarily, a motion to dismiss must be converted to a motion for summary judgment when the court considers matters outside the complaint, *see* Fed. R. Civ. P. 12(d), matters that are judicially noticeable do not have that effect . . . ." *Genesee Cnty. Emps.' Ret. Sys. v. Thornburg Mortg. Sec. Tr. 2006-3*, 825 F. Supp. 2d 1082, 1122 (D.N.M. 2011) (citation omitted). The Court may take judicial notice of documents filed in the related state court cases in deciding motions to dismiss. *See Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008).

B.     **Legal Standard for Motions to Amend**

Federal Rule of Civil Procedure 15 allows a party to amend its pleading once as a matter of course in limited circumstances. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may only amend its pleading with "opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 directs that leave shall be freely given "when justice so requires." *Id.* A court may deny a motion for leave to amend, in relevant part, if the amendment would be futile. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999) (citing *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999)). "The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim . . . ." *Id.* (citations omitted).

III.    **The Court recommends granting Defendants' motion.**

Defendants move for judgment on the pleadings on the basis of: "failure to state a claim under 42 U.S.C. § 1983 . . . , Eleventh Amendment immunity, governmental immunity, absolute immunity, qualified immunity, and the statute of limitations." (Doc. 20 at 1.) As detailed below, the undersigned recommends that the Court grant Defendants' motion as to Pruit's federal claims because he did not file them within the applicable statute of limitations. Alternatively, even if the claims were not time-barred, they are still subject to dismissal under Eleventh Amendment immunity and the doctrines of absolute and quasi-judicial immunity.

A.     **Pruit's § 1983 claims are barred by the statute of limitations.**

Pruit's § 1983 claims should be dismissed as barred by the statute of limitations. New Mexico's three-year statute of limitations for personal injuries applies to § 1983 claims. *See*

*Herrera v. City of Española*, 32 F.4th 980, 989 (10th Cir. 2022) (citation omitted). "[A] civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action . . . ." *Id.* (quotation omitted). The "focus [is] on whether the plaintiff knew of facts that would put a reasonable person on notice that wrongful conduct caused the harm." *Alexander v. Oklahoma*, 382 F.3d 1206, 1215 (10th Cir. 2004) (citation omitted). "In this context, a plaintiff must use reasonable diligence in seeking to discover facts giving rise to a claim for relief." *Id.* at 1216 (citation omitted).

Defendants argue that because Pruit's claims stem from the March 12, 2009 Bind-Over Order, "the statute of limitations ran on March 12, 2012, and [his] Section 1983 claims should be dismissed as untimely." (Doc. 20 at 15.) The undersigned agrees. Pruit bases his claims on the timing of the events and entries in his state criminal case—events he had personal knowledge of as an active, counseled participant. *See, e.g.*, *Barnett v. Corr. Corp. of Am.*, 441 F. App'x 600, 601 (10th Cir. 2011) (finding that pro se litigant did not "explain[] why he failed to discover the injury earlier" when he was personally "aware of the key facts underlying his claim"). Pruit knew or had reason to know of the dates at issue that provide the basis for his alleged injuries. *See Herrera*, 32 F.4th at 989.

Defendants further contend that even if the Court accepts that Pruit had a valid reason for his failure to "discover" the "error" until March **12**, 2019, the date he identifies in his Amended Complaint, his claims are still time-barred, as he filed this lawsuit on March **16**, 2022—more than three years after he discovered the facts underlying his claim. (*See* Doc. 20 at 15–16 (citing Doc. 1).) Pruit fails to respond to this argument. (*See* Doc. 27.) The undersigned agrees – even if the claims accrued on March 12, 2019, Pruit did not file his lawsuit within three years. To the extent Pruit argues that he did not understand how to access the documents, how the state rules applied

6

to his case, or how the statute of limitations applied to his claims, "[i]gnorance of the law [and] . . . ignorance of the limitation period . . . do not excuse the failure to file within the statutory time period." *Pruit v. New Mexico*, No. 2:22-CV-00372-WJ-KRS, 2023 WL 356885, at *2 (D.N.M. Jan. 23, 2023) (citing *Miller v. Marr*, 141 F.3d 976, 977–78 (10th Cir. 1998)). In the end, regardless of whether the Court finds that Pruit's claims accrued on March 12, 2009, or on March 12, 2019, Pruit failed to file them within three years, and they should be dismissed as time-barred.

Pruit contends that the statute of limitations should be tolled. "[T]he party claiming that the statute of limitations should be tolled has the burden of setting forth sufficient facts to support its position." *Lymon v. Aramark Corp.*, 728 F. Supp. 2d 1207, 1221 (D.N.M. 2010), *aff'd*, 499 F. App'x 771 (10th Cir. 2012) (quoting *Roberts v. Barreras*, 484 F.3d 1236, 1240 (10th Cir. 2007)). Pruit primarily blames the delay on two factors: (1) his pro se status; and (2) the alleged "fraudulent concealment" of the preliminary hearing waiver. (*See* Doc. 27 at 2–4, 11–12.) Neither argument can carry his burden.

First, Pruit asserts that because he is not an attorney, he did not have access to the documents in his criminal case. (Doc. 27 at 12.) This argument is a non-starter. Pruit was represented by counsel in his state criminal proceedings and could have obtained copies of the documents from his lawyer. *See, e.g.*, *Pruit*, M-12-IR-200900005, (Clovis Magistrate Ct. N.M.) (Mar. 5, 2009 Entry of Appearance filed by C. Gerdts-Darr; Mar. 12, 2009 Entry of Appearance filed by Randall Harris). Even after his attorneys ended their representation, Pruit had the ability to seek copies of the documents directly from the court, as one need not be an attorney to obtain documents in one's own criminal case. *See, e.g.*, Case Access Policy for Online Court Records, N.M. Courts, https://www.nmcourts.gov/wp-content/uploads/2020/11/SCT-Order-17-8500-001-Case-Access-Policy-for-Online-Court-Records.pdf (last visited Apr. 11, 2023); *see also* Rule 5-

123(A) NMRA ("Court records are subject to public access unless sealed by order of the court or otherwise protected from disclosure under the provisions of this rule.").

Despite whether he had access to the documents themselves, Pruit had the ability to view the state court docket and the state court rules. The docket makes clear that Hollis entered the Bind-Over Order more than ten days after Pruit's First Appearance. Pruit offers no reason to explain why he failed to discover the relevant facts in the *ten years* between the criminal proceedings and the date on which he allegedly "discovered" the "error." (*See* Doc. 8 at 3.)

Pruit next contends that tolling is warranted because McGregor knowingly and fraudulently misnamed the Waiver of Preliminary Hearing on the docket to conceal Hollis's actions. (Doc. 27 at 2–3.) Accepting this new allegation as true, Pruit still fails to establish that the misnamed document created "rare and exceptional circumstances" to "demonstrat[e] that his late filing was due to circumstances beyond his control." *See Lymon*, 728 F. Supp. 2d at 1221 (quoting *Garcia v. Shanks*, 351 F.3d 468, 473 n.2 (10th Cir. 2003); *Gobert v. Greg Province*, 381 F. App'x. 756, 758 (10th Cir. June 2, 2010)). Regardless of how the document was titled on the docket, Pruit had personal knowledge of the proceedings and the ability to access the docket and/or the records in his state court case.

Critically, Pruit fails to establish in either the Amended Complaint or the response brief that he was "reasonabl[y] diligen[t] in seeking to discover facts" that would give rise to a claim. *See Alexander*, 382 F.3d at 1215 (citation omitted). Instead, although he had personal knowledge of the timeline in his own 2009 criminal case, he failed to investigate and instead only "discovered" the facts underlying his claim by pure happenstance when he fortuitously received the documents from an attorney in an unrelated criminal case in 2019. (*See* Doc. 27 at 12.) Using Pruit's standard, the Court would be required to toll the statute of limitations indefinitely for any pro se litigant who

8

had the ability to immediately discover potential claims, but who took no action to do so until they received publicly accessible documents through no effort of their own.

In sum, Pruit fails to establish that his claims accrued after March 12, 2009, and he fails to show extraordinary circumstances to warrant tolling. As a result, the undersigned recommends granting the motion to dismiss on the basis that all § 1983 claims are time-barred by the statute of limitations.

### B. Pruit's claims against the State are barred by Eleventh Amendment immunity.

Even if Pruit's claims were not time-barred, his § 1983 claims against the State and against Hollis and McGregor in their official capacities are barred by the Eleventh Amendment. "The Eleventh Amendment to the United States Constitution bars suits in federal court for damages against states, state agencies, and state officials in their official capacities unless the state unequivocally waives its immunity or Congress expressly abrogates the immunity by creating a statutory cause of action." *Luchetti v. N.M. State Pers. Bd.*, No. CIV 20-1232 RB/JFR, 2021 WL 3772204, at *3 (D.N.M. Aug. 25, 2021), *aff'd*, No. 21-2109, 2022 WL 2678826 (10th Cir. July 12, 2022) (quotation omitted); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 97–102 (1984)); *Will v. Michigan*, 491 U.S. 58, 71 (1989) (opining that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983").

Pruit does not specify any waiver of sovereign immunity applicable to his § 1983 claims. (*See* Doc. 27.) Moreover, he responds that he "has not sued any of the defendant's [sic] in their official capacity." (*See id.* at 8.) Because "the United States Supreme Court and the Tenth Circuit have determined that Congress' passage of 42 U.S.C. § . . . 1983 . . . did not abrogate the state's sovereign immunity[,]" *Luchetti*, 2021 WL 3772204, at *3 (quotation omitted), the undersigned agrees that Eleventh Amendment sovereign immunity bars Pruit's § 1983 claims against the State

9

of New Mexico and against Hollis and McGregor in their official capacities. The Court thus recommends granting Defendants' motion in part in the alternative on this basis and dismissing without prejudice Pruit's § 1983 claims against the State and against Hollis and McGregor in their official capacities. *See Shue v. Lampert*, 580 F. App'x 642, 644 (10th Cir. 2014) (finding that Eleventh amendment claims must be dismissed without prejudice).

### C. Hollis and McGregor are entitled to absolute immunity.

Pruit's § 1983 individual capacity claims alternatively fail against Hollis and McGregor under the doctrine of absolute immunity. "Judges are absolutely immune from civil liability for judicial acts, unless committed in the clear absence of all jurisdiction." *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000) (quoting *Henriksen v. Bentley*, 644 F.2d 852, 855 (10th Cir. 1981)). This doctrine "has been extended to 'certain others who perform functions closely associated with the judicial process.'" *Dahl v. Charles F. Dahl, M.D., P.C. Defined Ben. Pension Tr.*, 744 F.3d 623, 630 (10th Cir. 2014) (citing *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985)). The defense "is often called quasi-judicial immunity when it is applied to someone other than a judge." *Id.* (citations omitted).

"[A] judge does not act in the clear absence of all jurisdiction even if the action he took was in error, was done maliciously, or was in excess of his authority." *Moss v. Kopp*, 559 F.3d 1155, 1163 (10th Cir. 2009) (citing *Whitesel*, 222 F.3d at 867). "A judge is immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of 'grave procedural errors.'" *Id.* at 1163–64 (quoting *Whitesel*, 222 F.3d at 867). "[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge . . . ." *Id.* at 1164 (quoting *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)).

Pruit contends that Hollis and McGregor "knowingly acted in clear absence of all

jurisdiction" by filing the Bind-Over Order outside of the applicable deadline. (*See* Doc. 27 at 8 (capitalization omitted).) He cites a state rule of criminal procedure for magistrate courts, Rule 6-202 NMRA, which provides in relevant part that a defendant in custody shall receive a preliminary examination within ten days of the first appearance. Rule 6-202(A)(1)(a) NMRA. The current version of Rule 6-202, effective as of December 31, 2014, further provides that "[i]f a preliminary examination is not held within the time limits in this rule, the court shall dismiss the case without prejudice and discharge the defendant." *See* Rule 6-202(A)(3); *see also* Rule 6-202 annotations to 2014 amendment (noting "effective December 31, 2014, . . . added Paragraph A"). Pruit alleges that the magistrate court did not hold a preliminary examination within ten days of his first appearance. As a result, he believes, Hollis lacked jurisdiction to enter the Bind-Over Order. (*See* Doc. 8.)

Defendants respond that Pruit "fails as a matter of law to show the complete absence of all jurisdiction because [he] cannot show that Rule 6-202(A)(3) was in existence and effective on March 12, 2009 . . . ." (Doc. 29 at 5.) The undersigned agrees. Critically, the language in the version of Rule 6-202 applicable at the time of Pruit's criminal proceedings does not mandate dismissal if the time limits are not followed. In 2009, the relevant portion of Rule 6-202 read:

> A preliminary hearing shall be held within a reasonable time but in any event not later than ten (10) days following the initial appearance if the defendant is in custody and no later than sixty (60) days if he is not in custody. Failure to comply with the time limits set forth in this paragraph shall not affect the validity of any indictment for the same criminal offense.

Rule 6-202(D) NMRA (2007).

The Court finds guidance on this issue from a state appellate case, *New Mexico v. Skinner*, No. 28,976, 2009 WL 6667918 (N.M. Ct. App. June 8, 2009). There, Skinner appealed his conviction and argued in part "that because the magistrate court did not conduct a preliminary

11

hearing within ten days as required by Rule 6-202 NMRA, the magistrate court should have granted his motion to dismiss." *Id.* at *1. Relying on an earlier case, *New Mexico v. Tollardo*, the New Mexico Court of Appeals disagreed and found that Rule 6-202 "does not deprive the magistrate court of jurisdiction if the time limits . . . are not precisely followed." *Id.* (quoting *Tollardo*, 654 P.2d 568, 569 (N.M. Ct. App. 1982)).

*Tollardo* examined an identical issue—whether a "magistrate court lost jurisdiction when it failed to hold a preliminary examination within" the time limit prescribed by a previous version of the rule. *See* 654 P.2d at 569 (discussing N.M. R. Crim. P., Magis. Ct. Rule 15(d) (N.M. Stat. Ann. 1981 Repl. Pamph.)).[4] The *Tollardo* court opined that because there was nothing in the rules that "limit[ed] the jurisdiction of the magistrate court to the time limits specified" for preliminary examinations, the rules "specifically grant limited jurisdiction to the magistrate court . . . beyond the time limits prescribed" in that rule. *Id.* at 570. Consequently, the court decided, the magistrate court has discretion "to expand the time in which to hold the preliminary examination." *Id.* (citation omitted). It ruled that "[d]ismissal is not the proper remedy for a delay in holding a preliminary examination when prejudice to the defendant has not been shown." *Id.* (citing *New Mexico v. Warner*, 86 N.M. 219, 521 P.2d 1168 (N.M. Ct. App. 1974)).

The *Skinner* court cited *Tollardo* favorably in denying the defendant's appeal for failure to conduct a preliminary hearing within ten days as required by the 2007 version of Rule 6-202. 2009 WL 6667918, at *1. It further noted that "the plain language of Rule 6-202(D) explains that '[f]ailure to comply with the time limits set forth in this paragraph shall not affect the validity of any indictment for the same criminal offense.'" *Id.* (quoting Rule 6-202(D) NMRA (2007)). The

---

[4] N.M. R. Crim. P., Magis. Ct. Rule 15(d), at issue in *Tollardo*, is the precursor to Rule 6-202 prior to the 1986 NMRA Recompilation. *See* NMRA Judicial Pamphlet 6, App'x at 31 (1986 Repl. Pamph.).

same version of Rule 6-202 at issue in *Skinner* applied at the time of Pruit's 2009 criminal proceedings. The New Mexico Court of Appeals has affirmatively held that Rule 6-202 did not require dismissal of a criminal complaint if the time limit for holding a preliminary examination passed and no prejudice has been shown. *See id.*; *see also Lopez v. Tapia*, Civ. No. 09-218 JB/RLP, 2009 WL 1068159, at *1 (D.N.M. July 30, 2009) (relying on *Tollardo* to dismiss a petitioner's due process claim based on failure to hold a timely preliminary examination). Pruit fails to allege that he suffered any prejudice from Hollis's alleged conduct and ultimately fails to show that Hollis acted in the clear absence of all jurisdiction. The undersigned recommends, in the alternative, the Court grant absolute immunity to Hollis on Pruit's individual capacity § 1983 claims.

In the same vein, McGregor also enjoys immunity for her conduct in filing Hollis's Bind-Over Order. The Tenth Circuit extends absolute "immunity to judicial officers where performance of a judicial act is involved or their duties have an integral relationship with the judicial process." *Coleman v. Farnsworth*, 90 F. App'x 313, 317 (10th Cir. 2004) (citing *Whitesel*, 222 F.3d at 867; *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002), *cert. denied*, 538 U.S. 983 (2003)). In *Lundahl*, the Tenth Circuit found that "a court clerk enjoys absolute quasi-judicial immunity when he or she performs a 'judicial act,' such as entry of a default judgment." *Id.* (discussing *Lundahl*, 296 F.3d at 939). "The doctrine of absolute immunity ensures judges and judicial officers perform their duties vigorously and without fear of time-consuming, costly, vindictive or ill-founded damage suits brought on account of action taken in the exercise of their official responsibilities." *Id.* (quotation marks and citation omitted). Here, McGregor filed an order on the state docket in an exercise that has "an integral relationship with the judicial process . . . ." *See id.* The undersigned recommends, in the alternative, that McGregor be afforded absolute quasi-judicial immunity for Pruit's individual capacity § 1983 claims.

**IV.     The Court recommends denying Pruit's motion.**

In his response brief, Pruit moves both to amend his complaint and for summary judgment on his claims. (*See* Doc. 27 at 1, 7.) Because the undersigned recommends granting Defendants' motion for judgment on the pleadings, I also recommend denying the motion for summary judgment as moot.

I recommend denying the motion to amend on the basis of futility. Pruit concedes in his response brief that he incorrectly brought claims under the Fourth and Eighth Amendments and seeks to amend to add claims under the Sixth and Fourteenth Amendments and under 42 U.S.C. §§ 1985 and 1986.[5] (*See* Doc. 27 at 1, 4.) His proposed amended claims, however, are similarly grounded in his contention that Hollis lost jurisdiction under a version of Rule 6-202 that was not in effect at the time of his criminal proceedings. (*See id.* at 4–5.) Consequently, the claims would be barred by Eleventh Amendment, absolute, and quasi-judicial immunity as explained above. Moreover, any new claims would also be subject to the same time-bar, as Pruit fails to show that he was reasonably diligent in discovering his alleged injuries. Because Hollis and McGregor "are immune from suit and further amendment of [Pruit's] complaint would be futile[,]" the Court recommends denying Pruit's motion to amend and dismissing the individual capacity federal claims with prejudice. *See Gabriel v. El Paso Combined Cts.*, 842 F. App'x 231, 235 (10th Cir. 2021), *cert. denied*, 143 S. Ct. 205 (2022) (citing *McKinney v. Okla., Dep't of Human Servs.*, 925 F.2d 363, 365–66 (10th Cir. 1991)).

**V.      The Court recommends remanding the state claims.**

Finally, Pruit brings a number of state law tort claims. (Doc. 8 at 6–7.) Defendants removed the lawsuit pursuant to 28 U.S.C. §§ 1331 and 1441(a) on the basis of federal question jurisdiction.

---

[5] Pruit fails to attach a proposed amended complaint as required by D.N.M. LR-Civ. 15.1.

(*See* Doc. 1 at 1.) "Under 28 U.S.C. § 1367(c)(3), '[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.'" *Sabeerin v. Fassler*, No. 1:16-CV-00497 JCH-LF, 2021 WL 1227726, at *8 (D.N.M. Apr. 1, 2021). Because the Court recommends dismissing the federal claims and the remaining claims are based entirely on state law, the Court recommends remanding this proceeding to state court for adjudication of those claims. *See, e.g.*, *Pruit*, 2023 WL 356885, at *5–6 (declining to exercise supplemental jurisdiction over state law claims in another of Pruit's cases removed to this Court).

### VI. Conclusion and Recommendation

The Court recommends granting Defendants' motion and dismissing Pruit's federal claims. Pruit's federal claims are time-barred by the relevant statute of limitations. Alternatively, Pruit's § 1983 claims against the State of New Mexico and against Hollis and McGregor in their official capacities are barred by Eleventh Amendment immunity and should be dismissed without prejudice, *see Shue*, 580 F. App'x at 644, and his § 1983 individual capacity claims against Hollis and McGregor are barred by absolute and quasi-judicial immunity. Because the Court recommends denying Pruit's motion to amend on the basis that any amendment would be futile, the individual capacity claims should be dismissed with prejudice. *See Gabriel*, 842 F. App'x at 235. The Court recommends denying Pruit's motion for summary judgment as moot.

Finally, the Court recommends declining to exercise supplemental jurisdiction and remanding Pruit's state claims.

**THEREFORE,**

**IT IS RECOMMENDED** that Defendants' Motion and Memorandum for Judgment on the Pleadings (Doc. 20) be **GRANTED in part** as to Pruit's federal claims, and otherwise denied as to Pruit's state law claims.

**IT IS FURTHER RECOMMENDED** that Pruit's Motion for Summary Judgment be **DENIED AS MOOT** and his Motion to Amend be **DENIED**.

**IT IS FURTHER RECOMMENDED** that the remaining state law claims be **REMANDED** to the First Judicial District Court, Santa Fe County, State of New Mexico.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE